FILED
2007 Apr-17  PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JAMES DARTY | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| G. D. SEARLE, LLC. | ) |
| (hereinafter "Searle") a subsidiary of | ) |
| PHARMACIA CORPORATION, | )    CIVIL ACTION NO. |
| (hereinafter "Pharmacia"), a Foreign | ) |
| Corporation; MONSANTO COMPANY; | ) |
| PFIZER, INC.; JOSEPH GAGLIANO | ) |
| (hereinafter "Gagliano"), an Individual | ) |
| and fictitious Defendants A, B, C and D | ) |
| being those persons, firms or | ) |
| corporations whose actions inactions, | ) |
| fraudulent suppression, fraud, scheme to | ) |
| defraud and/or other wrongful conduct | ) |
| caused or contributed to the Plaintiff's | ) |
| injuries and damages, and whose true | ) |
| names and identities are presently | ) |
| unknown to the Plaintiff but will be | ) |
| substituted by amendment when | ) |
| ascertained, | ) |
| | ) |
| DEFENDANTS. | ) |

## NOTICE OF REMOVAL

TO:   United States District Court for the Northern District of Alabama

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants G. D.

Searle LLC ("Searle")(improperly captioned in Plaintiff's Complaint as "G.

D. Searle, LLC."), Pharmacia Corporation ("Pharmacia" and also

improperly captioned in Plaintiff's Complaint as Monsanto Company),
Pfizer Inc. ("Pfizer")(improperly captioned in Plaintiff's Complaint as
"Pfizer, Inc) (collectively, the "Removing Defendants") with full reservation
of all defenses, file this Notice of Removal of this civil action from the
Circuit Court of Jefferson County, State of Alabama, to the United States
District Court for the Northern District of Alabama, Southern Division, and
state as follows:

Plaintiff's counsel (or its affiliates) has, for the thirteenth time, filed
an action in Alabama state court against substantially these same defendants,
fraudulently joining alleged, non-diverse sales representative defendants. As
detailed below, the Eleventh Circuit recently spoke definitively against the
"common strategy" employed by plaintiffs in pharmaceutical products
liability cases such as this one of fraudulently joining individual non-diverse
pharmaceutical representatives in an effort to defeat federal court
jurisdiction. *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005). In
twelve of these thirteen attempts, the Alabama federal district court has
maintained federal jurisdiction over the case pending its transfer to the
multi-district litigation proceeding (the sole exception was decided before
*Legg*). Here, Plaintiff filed suit against the Removing Defendants and their
alleged pharmaceutical representative, Joseph Gagliano ("Gagliano").

B GSH 743924 v1
2902026-000069 4/12/2007

Plaintiff has no reasonable possibility of prevailing against Mr. Gagliano. Therefore, the inclusion of Mr. Gagliano does not defeat this Court's diversity jurisdiction.

Indeed, in recent removals involving similar allegations made by Plaintiff's counsel against other pharmaceutical representatives of the Removing Defendants, Alabama federal courts have stayed proceedings pending transfer to the Multidistrict Litigation ("MDL") Court, *see, e.g. Dunlap v. Pfizer, Inc.*, No. 7:07-cv-45-HGD (N.D. Ala. Jan. 10, 2007) (Davis, J.) (granting motion to stay pending transfer to the MDL despite plaintiff's joinder of pharmaceutical representative in an effort to defeat diversity jurisdiction); *Morris v. Pfizer Inc.*, No. 2:06-cv-349-MEF (M.D. Ala. May 26, 2006) (Fuller, J.) (denying plaintiff's motion to expedite ruling on motion to remand, whereupon the case transferred to the MDL court); *Jackson v. Pfizer, Inc.*, CV-2:05-cv-841-F (M.D. Ala. Dec. 5, 2005) (Walker, J.) (granting motion to stay pending transfer to the MDL despite plaintiff's joinder of pharmaceutical representatives in an effort to defeat diversity jurisdiction); *Nelson v. Pfizer, Inc.*, CV-2:05-cv-832-F (M.D. Oct. 2, 2005) (Fuller, J.) (same); *Thomas v. Pfizer, Inc.*, CV-2:05-cv-824-F (M.D. Ala. Nov. 15, 2005) (Fuler, J.) (same); *McGrady v. Pfizer, Inc.*, CV-2:06-cv-431-MEF (M.D. Ala. May 26, 2006) (Fuller, J.) (same); *Hall v. Pfizer, Inc.*,

3

CV-2:05-cv-941-F (M.D. Ala. Nov. 21, 2005) (McPherson. J.) (same);

*Beverly v. Pfizer, Inc.*, CV-05-0542-M (S.D. Ala. Nov. 17, 2005) (Milling J.)

(same) (collected at Exhibit 1)[1], or denied remand, *see, e.g., McCluskey v.*

*Merck & Co.,* No. 07-AR-0232-S (N.D. ala. Mar. 7, 2007) (Acker, J.)

(denying plaintiff's motion to remand and granting defendants' motion to

stay): *Conner v. G.D. Searle LLC*, No. CV 06-PT-843-E (N.D. Ala. June 1,

2006) (Propst, J.) (same): *Gordon v. Pfizer Inc.,* CV-06-RRA-703-E, 2006

WL 2337002 at *9 (N.D. Ala. May 10, 2006) (Armstrong, Magistrate J.)

(denying remand and finding "no reasonable possibility" that the plaintiff

would be able to establish a claim against pharmaceutical sales

representative and therefore dismissing him with prejudice), *adopted as*

*Opinion of the Court* (N.D. ala. May 22, 2006) (Johnson, J.) (collected at

Exhibit 2).

    1.    The Removing Defendants, as well as the purportedly non-

diverse defendant, Mr. Gagliano, are the only named defendants to the

action filed in the Circuit Court of Jefferson County, State of Alabama,

bearing the caption *James Darty v. G. D. Searle, LLC et al.,* Civil Action

CV-2007-900314.  On March 8, 2007, Plaintiff filed this action for alleged

---

[1] Removing Defendants will be filing a motion to stay all proceedings pending MDL transfer.

B GSH 743924 v1
2902026-000069 4/12/2007

damages resulting from the ingestion of Celebrex, an FDA-approved prescription medication. Compl. ¶ 1 (attached hereto as Exhibit 3).

2.    On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for cases such as this involving Celebrex®. *See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005). Accordingly, this case is expected to become a "tag-along" action transferable to MDL-1699 pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the JPML. *See Rules of Procedure of the Judicial Panel on Multidistrict Litig.*, 199 F.R.D. 425 (J.P.M.L. 2001). As noted, Removing Defendants will soon be filing a Motion to Stay all proceedings in this Court pending transfer.

## I.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION.

3.    This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (2) the requisite diversity of citizenship exists between Plaintiff and the properly joined Defendants.

5

A.    **The Amount-In-Controversy Requirement Is Satisfied.**

4.    Based on the allegations in Plaintiff's Complaint, the amount in controversy plainly exceeds $75,000.00, exclusive of interests and costs. Indeed, Plaintiff expressly alleges that "[t]he amount of recovery sought exceeds the jurisdictional levels of lower courts." *Compl.* ¶ 20. Plaintiff seeks unlimited compensatory and punitive damages with respect to a "heart attack," allegedly caused by his use of Celebrex. *Id.* ¶ 1, 16; *see also e.g. id.* ¶ 95 (alleging "Defendants' negligence was a contributing cause of Plaintiff's injuries and Plaintiff's economic and non-economic loss."); *id.* ¶ 123 (seeking both "compensatory and punitive" damages); *id.* at 36 *unnumbered "WHEREFORE" paragraph( (seeking unlimited damages). Given that Plaintiff seeks an unspecified amount of damages, the Removing Defendants only need to show that the amount in controversy more likely than not exceeds the jurisdictional amount requirement. *See, e.g., Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948-48 (11th Cir. 2000). Given the severity of the injuries alleged and the other allegations in Plaintiff's Complaint, this requirement is plainly satisfied. *See, e.g., id.*; *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

5.    In particular, as noted, Plaintiff alleges that Celebrex® caused him to suffer a heart attack, and seeks damages based upon the following

causes of action: negligence, strict products liability/defective design, strict products liability/failure to warn, breach of express warranty of merchantability, breach of implied warranty of merchantability, fraud, and negligent misrepresentation.    While Removing Defendants deny any wrongdoing, in other product liability cases in which liability is found, Alabama juries routinely render verdicts in excess of $75,000.00, exclusive of interest and costs, as evidenced by the cases attached to this Notice as Exhibit 4.  Likewise, as the Eleventh Circuit has recognized, appellate courts have upheld verdicts in excess of $75,000.00, in cases where a medical product was alleged to have caused injury, but not death.  *See generally Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993) (citing award of $400,000.00 in compensatory and $5,000,000.00 in punitive damages in a product liability case); *Benford v. Richards Med. Co.*, 792 F.2d 1537 (11th Cir. 1986) (citing award of $165,000.00 in compensatory and $100,000.00 in punitive damages in a medical product liability case).  Moreover, in other personal injury actions in which plaintiffs alleged lesser injuries, this Court has recognized that "[i]t is not uncommon in these circumstances for Alabama juries to award compensatory damages in excess of the jurisdictional prerequisite, even before punitive damages are considered." *Hester v. Bayer Corp.*, Civil Action 01-D-1301-N, slip op. at 8-9 (M.D. Ala.

7

Dec. 21, 2000) (DeMent, J.) (denying Motion to Remand and holding that defendant had met its burden of demonstrating that the amount in controversy more likely than not exceeded $75,000.00 when complaint alleged "serious muscle problems" caused by a prescription medication) (attached hereto as Exhibit 5).    Therefore, given that Plaintiff seeks unlimited compensatory damages based on his allegation that Celebrex® caused him to suffer a heart attack, the amount in controversy plainly exceeds $75,000.00.

      **B.**     **Complete Diversity Of Citizenship Exists Between The Properly Joined Parties.**

6.     There is complete diversity between plaintiff and the properly joined defendants.  Plaintiff is, and was at the time he filed this action in state court, a resident and citizen of Alabama.  *See* Compl. ¶¶ 2, 3.

7.     Defendant Pfizer was at the time of filing of this action, and still is, a corporation existing under the laws of Delaware, with its principal place of business in New York.  *See* Compl. ¶ 7.  Accordingly, Pfizer is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity.  *See* 28 U.S.C. § 1332(c)(1).

8.     Defendant Pharmacia was at the time of filing of this action, and still is a corporation existing under the laws of Delaware, with its principal place of business in New Jersey.  *See* Compl. ¶ 5.  Accordingly,

8

Pharmacia Corporation is not now, nor was it at the time of filing of this action, a citizen of Alabama for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

9. Defendant Searle was at the time of filing of this action, and still is, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Thus, for jurisdictional purposes, Searle is a citizen of Delaware and New Jersey. *See e.g., Rolling Greens MHP, LP v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that a "limited liability company is a citizen of any state of which a member of the company is a citizen"); *see also* 28 U.S.C. § 1332(c)(1). Thus, Searle is not now, nor was it at the time of filing this action a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. §1332(c)(1).

B GSH 743924 v1
2902026-000069 4/12/2007

10.    In 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  *Cf.* Compl. ¶ 6.  As stated in Paragraph 8, *supra*, Pharmacia is (and was at the time of the filing of this action) a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey.  Accordingly, Defendant Monsanto Company, is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity.  *See* 28 U.S.C. § 1332(c)(1).

11.    The Complaint also names Mr. Gagliano, a pharmaceutical representative, and alleges that he is a "resident" of the State of Alabama. *See* Compl. ¶ 8.  Even assuming *arguendo* that Mr. Gagliano is an Alabama citizen, his presence does not destroy diversity jurisdiction because he is fraudulently and improperly joined and/or misjoined in an attempt to defeat diversity and prevent removal.  As such, his citizenship is disregarded in determining whether diversity jurisdiction exists.  *See*, *e.g.*, *Legg*, 428 F.3d at 1325; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

B GSH 743924 v1
2902026-000069 4/12/2007

12.    The Complaint also purports to state claims against unnamed, fictitious defendants identified as defendants A through D.  *See* Caption of the Complaint.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

## II.    MR. GAGLIANO IS FRAUDULENTLY JOINED.

13.    The doctrine of fraudulent or improper joinder prevents a plaintiff from defeating federal diversity jurisdiction by simply naming in-state defendants where there is no reasonable possibility the plaintiff can establish a cause of action against that resident defendant.  *See, e.g., Triggs*, 154 F.3d at 1287; *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997); *Gordon*, 2006 WL 2337002 at *9 (finding "no reasonable possibility" that the plaintiff would be able to establish a cause of action against pharmaceutical sales representative thus dismissing him with prejudice) (attached hereto as Exhibit 6).

14.    To defeat a removing defendant's allegation that non-diverse parties have been fraudulently joined, plaintiffs must have a "reasonable basis" upon which they could recover against the non-diverse party; a "merely theoretical" basis is not enough.  *Legg*, 428 F.3d at 1324-25 & n.5; *see also McCluskey*, slip op. at 7; *Gordon,* 2006 WL 2337002 at *2.  Here,

11

as in *Legg*, there is no "reasonable basis" that Plaintiff can establish a cause of action against the Pharmaceutical Representatives.

15.    In *Legg*, plaintiffs brought a pharmaceutical product liability action in Alabama state court against several pharmaceutical companies and three pharmaceutical representatives.    Defendants removed the case to federal court contending that the plaintiffs fraudulently joined the pharmaceutical representatives.    Recognizing the improper "common strategy employed" in pharmaceutical product liability cases such as this in which plaintiffs "name local parties, often . . . local sales representatives, as defendants, thus defeating [a defendant's] right to remove a case to federal court," the Eleventh Circuit reiterated that the "removal process was created by Congress to protect defendants."  *Id*. at 1320, 1325.  In *Legg*, as here, the Removing Defendants submitted a sworn affidavit from a defendant pharmaceutical representative stating that he had detailed the drug in question to licensed healthcare providers and answered their questions based on information provided to him by his employer.  *Id*. at 1321; *see* Aff. of Joseph Anthony Gagliano attached hereto as Exhibit 7.

15.    Applying Alabama law, the Eleventh Circuit found "no reasonable possibility" that the named pharmaceutical representatives could be found liable on plaintiffs' claims.  *Legg*, 428 F.3d at 1324; *see also id.* at

1325 n. 5 (stating the potential for legal liability "must be reasonable, not merely theoretical") (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). The Eleventh Circuit emphasized: "As the Supreme Court long ago admonished, 'the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court.'" *Id.* at 1325 (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).

16.    Fraudulent joinder may be shown by a lack of a factual or legal basis for a plaintiff's claims. In this case, Plaintiff's claims fail for both reasons. *See, e.g., Owens v. Life Ins. Co. of Ga.,* 289 F. Supp. 2d 1319, 1323-24 (M.D. Ala. 2003).

17.    Plaintiff asserts causes of action against defendants generally for negligence, defective design, failure to warn, breach of express warranty of merchantability, breach of implied warranty of merchantability, fraud, and negligent misrepresentation. Plaintiff appears to base his claims on the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").[2]  *See generally* Compl. Although the Complaint scarcely references Mr. Gagliano and makes virtually all allegations against "Defendants" generically,

---

[2]  It appears that any negligence and defective design claims are brought pursuant to the AEMLD. Even if they are not, however, they still fail.

B GSH 743924 v1
2902026-000069 4/12/2007

Plaintiff's claims against Mr. Gagliano are based on his alleged role as a conduit for his employer. *See e.g.,* Compl. ¶ 143 ("The misrepresentations of and/or active concealment by Defendants were perpetuated directly and/or indirectly by Defendants, their sales representatives, employees, distributors, agents and/or detail persons."). But the law is well settled that "those who are only conduits through which faulty information is supplied by one person to a third person cannot be held liable for fraud unless they acted in bad faith." *Legg*, 428 F.3d at 1324 (citing *Fisher v. Comer Plantation, Inc.*, 772 So.2d 455, 463 (Ala. 2000); *see e.g., McCluskey*, slip op. at 11-12 (finding "no reasonable basis" to predict that pharmaceutical detailers, who served as mere conduits for their employers, could be held liable under a fraud-based theory). Because there is no reasonable possibility in law or fact that Plaintiff could recover against Mr. Gagliano, he has been fraudulently joined and his presence in this action cannot defeat removal. This conclusion accords with the findings of numerous MDL and Alabama federal courts, which have held, in pharmaceutical product liability claims involving prescription medication, that plaintiffs cannot pursue claims against pharmaceutical representatives and that their joinder does not defeat diversity.[3]

---

[3] *See, e.g., Gordon, supra; Conner, supra; In re Prempro Prods. Liab. Litig. (Graham v. Wyeth)*, No.

14

A.    **Plaintiff Fails To State Legally Cognizable Claims Against Mr. Gagliano.**

19.    Plaintiff fails to state any legally sufficient basis for relief against Mr. Gagliano. *See, e.g., Legg*, 428 F.3d at 1324-25; *Crowe*, 113 F.3d at 1540.

1.    **Plaintiff Fails to State Legally Cognizable Claims Against Mr. Gagliano for Violation of the AEMLD or for Breach of Warranty.**

20.    Plaintiff cannot establish a viable claim against the Mr. Gagliano for violation of the AEMLD or for breach of express or implied warranty because pharmaceutical representatives are not the requisite manufacturers or sellers of prescription medicines. *See, e.g., Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987). To establish liability under the AEMLD, "the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product." *Id.* (citing *Atkins v. American Motors Corp.*, 335 So. 2d 134 (Ala. 1976)). "[P]harmaceutical representatives are not considered sellers or distributors under Alabama law" of the prescription drugs they detail. *Gordon*, 2006 WL 2337002 at *7; *see e.g., McCluskey, slip op. at 9-11 (same); In re Rezulin Prods. Liab. Litig.,*

---

4:03CV1507, 2006 WL 617981, at *1 (E.D. Ark. Mar. 8, 2006); *In re Baycol Prods. Liab. Litig.*, MDL 1431 (March. 26, 2004) (Exhibit ___); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp.2d 272, 287 (S.D.N.Y. 2001).

B GSH 743924 v1
2902026-000069 4/12/2007

133 F.Supp.2d 272, 287 (S.D.N.Y. 2001) (same); Gagliano Aff. ¶¶ 6, 7 (declaring that affiant had no role in the manufacture or sale of Celebrex®.

21.    Nor can Plaintiff state a claim for breach of express or implied warranty against Mr. Gagliano because he is not a "seller" under Alabama law.    *See* Ala. Code §§ 7-2-313(1), 7-2-314(1), 7-2-315, 7-2-103(1)(d) (express and implied warranty claims refer to the creation of warranties by the "seller"); *Gordon*, 2006 WL 2337002 at *7 ("[B]ecause pharmaceutical representatives are not considered sellers or distributors under Alabama law, [the detailer] cannot be liable as a warrantor of Bextra under claims for breach of warranty."); *Rezulin*, 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the pharmaceutical representative); *e.g.*, Gagliano Aff. ¶ 7.  Accordingly, Mr. Gagliano cannot be liable under the AEMLD or a warranty theory.

### 2.    Plaintiff Fails to Establish Legally Cognizable Claims for Failure to Warn.

22.    Plaintiff's failure to warn claims likewise fail.   First, in products liability actions premised on a negligence (or wantonness) theory, "[t]he defendant must be either the manufacturer or seller of the injury-producing article." *Norton Co. v. Harrelson*, 176 So. 2d 18, 20 (Ala. 1965). As explained above, pharmaceutical representatives in general, and the

16

Pharmaceutical Representatives in particular, are neither manufacturers nor sellers of prescription medicines. *See* § I(A)(1), *supra*; Gagliano Aff. ¶¶ 6, 7. Second, under Alabama law, a prescription drug manufacturer satisfies its duty to warn under the AEMLD or negligent failure to warn claims by distributing an adequate warning to the prescribing physician. *See, e.g.,* *Stone v. Smith, Kline & French Labs*, 447 So. 2d 1301, 1305 (Ala. 1984) (holding that an adequate warning to the prescribing physician, but not to the ultimate consumer, is sufficient as a matter of law to avoid liability under the AEMLD in the case of prescription drug); *Gurley v. American Honda Motor Co.*, 505 So. 2d 358, 361 (Ala. 1987) (holding that, as a matter of law, a manufacturer cannot be held liable for negligent failure to warn where it distributed the product with reasonable warnings); *Purvis v. PPG Indus., Inc.*, 502 So. 2d 714 (Ala. 1987).

23. Stated simply, under Alabama law, pharmaceutical representatives have no duty to warn plaintiffs directly. As another court has remarked in this context, there is "no authority for the proposition that the sales representatives, as opposed to the manufacturer, had any duty to warn" and, as noted, "any duty to warn that it or its sales representatives had was owed not to Plaintiffs, but to Plaintiffs' physicians" under the learned intermediary doctrine. *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525

17

(S.D. Miss. 2000) ("Plaintiffs have no cause of action against the named sales representatives for failure to warn.") (citing *Wyeth Labs., Inc. v. Fortenberry*, 530 So. 2d 688, 691 (Miss. 1988) (denying motion to remand an action naming the manufacturer and non-diverse pharmaceutical representatives as defendants); *see Rezulin*, 133 F. Supp. 2d at 282.

24.     Further, as addressed below, Plaintiff's Complaint fails to state sufficient facts to support a failure to warn claim against Mr. Gagliano for failing to warn Plaintiff or his physician.  Plaintiff fails to allege any facts to demonstrate that Mr. Gagliano had any knowledge or information independent of the information contained in the FDA-approved physician package insert which he had an obligation to disclose to Plaintiff's prescribing physician.  To the contrary, he had none.  *See* Gagliano Aff. ¶ 4.  Consequently, in no event could Plaintiff state a cognizable cause of action against Mr. Gagliano for failure to warn Plaintiff or Plaintiff's physician.

### 3.     Plaintiff's Fraud-Based Claims Fail.

25.     Plaintiff also cannot sustain his claims against Mr. Gagliano for fraudulent and negligent misrepresentation because the Complaint fails to comply with the "particularity" requirement of Rule 9(b).  *See* Fed. R. Civ. P. 9(b) (requiring that allegations of fraud be stated with particularity); Ala. R. Civ. P. 9(b), comment (stating that the Alabama rule is identical to the

federal rule).    Particularity "requires a plaintiff in pleading fraud to
distinguish among defendants and specify their respective role in the alleged
fraud." *Gordon*, 2006 WL 2337002 at \*6; *see also Lyons v. American
Tobacco Co.*, 1997 WL 809677, at \*5 (S.D. Ala. Sept. 30, 1997) (observing
that there is "no better admission of fraudulent joinder" of a non-diverse
defendant than a plaintiff's failure "to set forth any specific factual
allegations" against that defendant).    Thus, a plaintiff must allege the time,
place, content and speaker of the allegedly fraudulent misrepresentations.
*McAllister Towing & Trans. Co. v. Thorn's Diesel Serv. Inc.*, 131 F. Supp.
2d 1296, 1302 (M.D. Ala. 2001); *Estate of Scott v. Scott*, 907 F. Supp. 1495,
1498 (M.D. Ala. 1995); see Ala. R. Civ. P. 9(b), Committee Comments on
1973 Adoption, Subdivision (b) (stating plaintiff must show the "time, place
and the contents or substance of the false representation, the fact
misrepresented, and an identification of what has been obtained").    Mere
"general allegations do not meet the Rule 9(b) requirements." *Rezulin*, 133
F. Supp. 2d at 284.

26.    Plaintiff fails to plead with the requisite particularity.  Plaintiff
merely alleges generically that "Defendants . . . fraudulently misrepresented
to . . . users and/or consumers of the drug, including Plaintiff, the safety and
efficacy of the drug . . . ." Compl. ¶ 137.  The Complaint fails to specify

time, place, or content of *any* particular representations made by the Pharmaceutical Representatives. Nor does the Complaint name the prescribing physician to whom the allegedly fraudulent misrepresentations were made. Because Plaintiff fails to plead these fraud-based claims with the requisite particularity, Plaintiff cannot state a claim. *See United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) ("this Court has endorsed the dismissal of pleadings for failing to meet Rule 9(b)'s standards"); *Gordon*, 2006 WL 2337002 at *7 ("Here, Plaintiff's allegations fail to allege the essential elements of fraud and misrepresentation."); *Mixon v. Cason*, 622 So. 2d 918, 920 (Ala. 1993) ("The plaintiff did not plead with the specificity required by Rule 9(b)" and "the trial court properly dismissed").

27. Further, Plaintiff's fraud-based claims fail because Mr. Gagliano's knowledge about the alleged benefits and risks of the prescription medication Celebrex® came from his employer and the FDA-approved labeling, and therefore lacked the required personal culpability in the alleged fraud. *See* Gagliano Aff. ¶ 4; *Legg*, 428 F.3d at 1324 (under Alabama law, a sales representative cannot be held liable unless he "personally participate[d] in the tort") (quoting *Turner v. Hayes*, 719 So. 2d 1184, 1188 (Ala. Civ. App. 1997)); *McCluskey*, slip op. at 11-12 (holding

20

that there was "no reasonable basis" to predict that pharmaceutical detailers, who served as mere conduits for their employers, could be held liable under a fraud-based theory).

**B.    No Factual Basis Exists For Plaintiff's Claims Against Mr. Gagliano.**

28.    In addition to there being no legal basis for Plaintiff's claims, there is likewise no factual basis for them. *See, e.g.*, Gagliano Aff. ¶¶ 4, 8, 9; *Legg*, 428 F.3d at 1324-25 (grounding fraudulent joinder analysis on similar sales representative's affidavit).

30.    Notwithstanding Plaintiff's boilerplate allegations, there is no factual basis for his claims against Mr. Gagliano.  Mr. Gagliano never met with the Plaintiff, Gagliano Aff. ¶ 9, and has never made any presentations to the general public.  *Id.* ¶ 8.    He has played no role in developing Celebrex® or disseminating information about the medication beyond that provided him by his employer.  *Id.* ¶ 4.    Further, the Complaint fails to allege what information Mr. Gagliano allegedly misrepresented to or concealed from Plaintiff or his prescribing physician. *See*, e.g., Complt. ¶ 12; *see generally Rezulin*, 168 F. Supp. 2d at 140 (finding fraudulent joinder where such specific allegations are lacking).    In light of all these facts, Plaintiff has no "reasonable possibility" for recovery, and Mr. Gagliano is fraudulently joined.  *See Legg*, 428 F.3d at 1324-25 (grounding fraudulent

21

joinder analysis on sales representative's affidavit); *see also,* e.g., *Gordon,* 2006 WL 2337002 at \*7 ("Without any competent evidence that [the detailer] made knowing misrepresentations or acted in bad faith – and particularly in light of [his] statement that he had no specialized knowledge about Bextra and relied entirely on information provided to him by Pfizer – there is 'no reasonable possibility' that an Alabama court would conclude that he is liable for fraud or misrepresentation") (quoting *Legg*, 428 F.3d 1324).

31.    Thus, no factual or legal basis exists for Plaintiff's claims against Mr. Gagliano.  He is fraudulently joined and his citizenship cannot destroy this Court's diversity jurisdiction.

### III.    PROCEDURAL REQUIREMENTS FOR REMOVAL

32.    All other procedural requirements for removal have been met. On March 13, 2007, Defendants Pfizer and Pharmacia were served with a copy of the Summons and Complaint.  This Notice of Removal is being filed within 30 days of the service of the Complaint and is timely under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty day time period under the removal statute begins to run from the date of formal service).  All properly joined Defendants have consented to this Notice of Removal.  28 U.S.C. § 1446(a);

*see Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1222 n.3 (M.D. Ala. 1999) (fraudulently or improperly joined defendants need not consent to removal). Although his consent is not necessary because he has been fraudulently and improperly joined, Mr. Gagliano, who is represented by the undersigned, nonetheless consents in this removal.

33.    The United States District Court for the Northern District of Alabama, Southern Division, embraces the county in which the state court action is now pending and thus this Court is a proper forum for this action pursuant to 28 U.S.C. § 81(a)(3) and 1441(a).

34.    Copies of all process, pleadings and orders are collectively attached to this Notice of Removal at Exhibit 8 pursuant to 28 U.S.C. §1446(a).

35.    Defendants are filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing Notice of Removal together with a copy of this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

36.    If any question arises to the propriety of the removal of this action, Removing Defendants respectfully request the opportunity to present

B GSH 743924 v1
2902026-000069 4/12/2007

a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Removing Defendants respectfully remove this action from the Circuit Court of Jefferson County, Alabama, bearing case No. CV-2007-900314, to this Court, pursuant to 28 U.S.C. § 1441.

Dated this 12th day of April, 2007.

Lawrence B. Clark
G. Steven Henry
Attorneys for Defendants

OF COUNSEL:
BARKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone:  (205) 328-0480
Facsimile:   (205) 322-8007

B GSH 743924 v1
2902026-000069 4/12/2007

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that a true and correct copy of the foregoing was filed via CM/ECF system on this 12th day of April, 2007, to the following counsel of record:

Navan Ward, Jr.
Andy D. Birchfield, Jr.
Gerald B. Taylor, Jr.
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

Of Counsel

25