FILED
2007 Apr-18 PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JAMES DARTY )<br><br>PLAINTIFF, )<br><br>v. )<br><br>G. D. SEARLE, LLC. )<br>(hereinafter "Searle") a subsidiary of )<br>PHARMACIA CORPORATION, )<br>(hereinafter "Pharmacia"), a Foreign )<br>Corporation; MONSANTO COMPANY; )<br>PFIZER, INC.; JOSEPH GAGLIANO )<br>(hereinafter "Gagliano"), an Individual )<br>and fictitious Defendants A, B, C and D )<br>being those persons, firms or )<br>corporations whose actions inactions, )<br>fraudulent suppression, fraud, scheme to )<br>defraud and/or other wrongful conduct )<br>caused or contributed to the Plaintiff's )<br>injuries and damages, and whose true )<br>names and identities are presently )<br>unknown to the Plaintiff but will be )<br>substituted by amendment when )<br>ascertained, )<br><br>DEFENDANTS. ) | CIVIL ACTION NO. |

## ANSWER AND DEFENSES OF DEFENDANTS
## TO PLAINTIFF'S COMPLAINT

Defendants G. D. Searle LLC ("Searle")(improperly captioned in

Plaintiff's Complaint as "G. D. Searle, LLC."), Pharmacia Corporation

("Pharmacia" and also improperly captioned in Plaintiff's Complaint as

Monsanto Company), Pfizer Inc. ("Pfizer")(improperly captioned in Plaintiff's Complaint as "Pfizer, Inc."), and Joseph Gagliano (hereinafter "Gagliano")(collectively the "Defendants") hereby answer Plaintiff's Complaint in this action and state as follows:

## PRELIMINARY STATEMENT

In December 1998, Celebrex® was approved, as labeled, by the United States Food and Drug Administration ("FDA") as a prescription medication. Searle, developed, tested and co-promoted Celebrex® in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Celebrex® was manufactured and packaged for Searle. Prior to April 2003, Pfizer co-promoted Celebrex® in the United States.

In April 2003, Pfizer merged with Pharmacia and the responsibilities for Celebrex® were reallocated. Celebrex® is presently advertised, promoted, marketed and distributed in the United States by Defendants or one of their subsidiaries to be prescribed by healthcare providers who are authorized by law to prescribe medication in accordance with their approval by the FDA.

The Complaint does not state when Plaintiff was prescribed or used Celebrex®, and as such, this Answer can only be drafted generally and

2

without reference to a specific period in time. Defendants reserve the right to amend this Answer if or when discovery reveals the time period in which Plaintiff was prescribed and used Celebrex®.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiff's Complaint.

## ANSWERING:

1.     Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph.

2.     Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph.

3.     Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph.

4.     Defendants admit that Searle is a wholly-owned subsidiary of Pharmacia Corporation, which is in turn a wholly-owned subsidiary of Pfizer. Searle is a Delaware limited liability company with its principal place of business in Illinois and is registered to do business in Alabama. Defendants state that Plaintiff's allegation regarding place of service is a legal conclusion to which no response is required. Defendants admit that, during certain period(s) of time, Celebrex® was manufactured and packaged for Searle, which developed, tested and co-promoted Celebrex® in the

3

United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law.  Except as specifically admitted herein, Defendants deny the allegations in this Paragraph.

5.    Defendants admit that Pharmacia is a corporation existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey and is registered to do business in Alabama. Defendants state that Plaintiff's allegation regarding place of service is a legal conclusion to which no response is required.  Except as specifically admitted herein, Defendants deny the allegations in this Paragraph.

6.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc., and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has never manufactured, marketed, sold or distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of Pharmacia.  As the 2000 Monsanto does not and has never

4

manufactured, marketed, sold or distributed Celebrex®, Defendants are therefore stating that the 2000 Monsanto is not a proper party in this matter. Except as specifically admitted herein, Defendants deny the allegations in this Paragraph.

7.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York and is registered to do business in Alabama.   Defendants state that Plaintiff's allegation regarding place of service is a legal conclusion to which no response is required.   Defendants admit that during certain period(s) of time, Pfizer co-promoted and marketed the prescription drug Celebrex® in the United States for the indications set forth in its FDA-approved package insert and as permitted by law.   Except as specifically admitted herein, Defendants deny the allegations in this Paragraph.

8.      Defendants admit that Gagliano was a sales representative for Pfizer.  Defendants state that Plaintiff's allegation regarding place of service is a legal conclusion to which no response is required.   Except as specifically admitted herein, Defendants deny the remaining allegations in this Paragraph.

9.      Defendants deny the allegations contained in this Paragraph.

B GSH 743940 v1
2902026-000069 4/12/2007

10.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding Plaintiff's place of residence, the location where Plaintiff's claims accrued and therefore, deny the same.    Defendants deny the remaining allegations contained in this Paragraph.

11.    As indicated in the package insert approved by the FDA, Defendants state that in December 1998, the FDA granted approval for Celebrex®. Celebrex® has been approved for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in juveniles and adults; (3) for relief of the signs and symptoms of ankylosing spondylitis; (4) for management of acute pain in adults; (5) for treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colorectal polyps in patients with familiar adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g. endoscopic surveillance, surgery). Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-

6

promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants also state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny making any misrepresentations or concealing information. Except as admitted herein, Defendants deny the remaining allegations contained in this Paragraph.

12.    Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants also state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has

7

marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants deny that they engaged in fraud, ill will, recklessness, gross negligence or willful and intentional disregard to Plaintiff's individual rights. Defendants deny that Plaintiff is entitled to punitive damages. Defendants deny the remaining allegations contained in this Paragraph.

## ANSWERING:
## BACKGROUND

13. As indicated in the package insert approved by the FDA, Defendants state that on December 1998, the FDA granted approval for Celebrex®. Celebrex® has been approved for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in juveniles and adults; (3) for relief of the signs and symptoms of ankylosing spondylitis; (4) for management of acute pain in adults; (5) for treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colorectal polyps in patients with familiar adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g. endoscopic surveillance, surgery). Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States

8

to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants also state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny making any misrepresentations or concealing information. Except as admitted herein, Defendants deny the remaining allegations contained in this Paragraph.

14. Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants also state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in

9

the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law.  Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law.  Defendants deny that they engaged in fraud, ill will, recklessness, gross negligence or willful and intentional disregard to Plaintiff's individual rights.  Defendants deny that Plaintiff is entitled to punitive damages. Defendants deny the remaining allegations contained in this Paragraph.

15.    The allegations contained in this Paragraph are legal in nature to which no response is required.  To the extent a response is required, Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants also state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Plaintiff sustained any damages resulting from his use of Celebrex®.  Except as stated herein, Defendants deny the remaining allegations contained in this Paragraph.

16.    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation contained in this Paragraph, and therefore, deny the same.

17.    Defendants deny the allegations contained in this Paragraph.

18.    Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law.  Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law.  Except as admitted herein, Defendants deny the allegations contained in this Paragraph.

19.    Defendants state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations contained in this Paragraph.

20.    Defendants admit that the amount of recovery sought exceeds the jurisdictional level of lower Alabama state courts.  Defendants deny the remaining allegations contained in this Paragraph.

11

## ANSWERING:

A.    <u>Facts Regarding CELEBREX:  Science And Other Cox-2
Inhibitors</u>

21.    Defendants state that Celebrex® is a selective COX-2 inhibitor, which is a class of drugs that are, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDs").    Defendants deny the remaining allegations contained in this Paragraph.

22.    Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of cyclooxynegnase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) enzyme."   Plaintiff fails to provide the proper context for the remaining allegations in this Paragraph and therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore, deny the remaining allegations contained in this Paragraph.

23.    Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of cyclooxynegnase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) enzyme."   Plaintiff fails to provide the proper context for the

12

remaining allegations in this Paragraph and therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore, deny the remaining allegations contained in this Paragraph.

24.    Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of cyclooxynegnase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) enzyme." Plaintiff fails to provide the proper context for the remaining allegations in this Paragraph and therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore, deny the remaining allegations contained in this Paragraph.

25.    Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of cyclooxynegnase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) enzyme." Plaintiff fails to provide the proper context for the remaining allegations in this Paragraph and therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the

B GSH 743940 v1
2902026-000069 4/12/2007

allegations, and therefore, deny the remaining allegations contained in this Paragraph.

26.     Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of cyclooxynegnase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) enzyme."  Plaintiff fails to provide the proper context for the remaining allegations in this Paragraph and therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore, deny the remaining allegations contained in this Paragraph.

27.     As indicated in the package insert approved by the FDA, Defendants state that in December 1998, the FDA granted approval for Celebrex®.  Celebrex® has been approved for the following indications:  (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in juveniles and adults; (3) for relief of the signs and symptoms of ankylosing spondylitis; (4) for management of acute pain in adults; (5) for treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colorectal polyps in patients with familiar adenomatous polyposis ("FAP"), as an

B GSH 743940 v1
2902026-000069 4/12/2007

adjunct to usual care (e.g. endoscopic surveillance, surgery). Defendants deny the remaining allegations contained in this Paragraph.

28.    Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants also state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that they misrepresented the safety profile of Celebrex® to consumers, the medical community, healthcare providers, and third party payors. Defendants deny the remaining allegations contained in this Paragraph.

**ANSWERING:**

B.    **Facts Regarding Celebrex's Safety and Defendants' Knowledge Thereof**

29.    Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants also state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants also state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due

15

to inhibition of cyclooxynegnase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) enzyme." Plaintiff fails to provide the proper context for the remaining allegations in this Paragraph and therefore, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore, deny the remaining allegations contained in this Paragraph. Defendants further state that the referenced article in *The Journal of the American Medical Association* speaks for itself and deny any characterization of it.

30.    Defendants state that the referenced article in *The New England Journal of Medicine* speaks for itself and deny any characterization of it.

31.    Defendants state that the referenced FDA Updates speak for themselves and deny any characterization of them.

32.    Defendants deny the allegations contained in this Paragraph.

33.    Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants also state that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants further state that the referenced FDA Committee

16

meetings speak for themselves and deny any characterization of them. Defendants deny the remaining allegations contained in this Paragraph.

ANSWERING:

**C.    CELEBREX and Cox-2 Studies Did Not Show CELEBREX To Be Safe**

    **1.    CELEBREX Long-Term Arthritis Safety Study (Class)**

34.    Defendants admit that a supplemental NDA was submitted on June 12, 2000, to the FDA for Celebrex®.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied. Further, Defendants admit that Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants assert that the Medical Officer Review speaks for itself and any attempt to characterize it is denied. Except as admitted herein, Defendants deny the remaining allegations in this Paragraph.

35.    Defendants admit that they released the results of the CLASS study, which speaks for itself and any attempt to characterize it is denied. The referenced article in *The Journal of the American Medical Association* speaks for itself, and any attempt to characterize it is denied.  Defendants deny the remaining allegations contained in this Paragraph.

36.    Defendants respectfully refer the Court to the result of the CLASS study, which speaks for itself, and any attempt to characterize it is

17

denied.    Defendants deny that they intentionally, recklessly and/or negligently concealed, suppressed, omitted and misrepresented the results, risks and defects of the CLASS study.    Defendants deny the remaining allegations contained in this Paragraph.

37.    Defendants respectfully refer the Court to the result of the CLASS study, which speaks for itself, and any attempt to characterize it is denied.    Defendants admit that the Medical Officer Review dated September 20, 2000, was completed by the FDA.    Defendants assert that the Medical Officer Review speaks for itself and any attempt to characterize it is denied. Except as admitted herein, Defendants deny the remaining allegations contained in this Paragraph.

38.    Defendants respectfully refer the court to the transcript of the FDA's Arthritis Advisory Committee meeting on February 7 and 8, 2001, which speaks for itself, and any attempt to characterize it is denied. Defendants respectfully refer the Court to the CLASS study, which speaks for itself, and any attempt to characterize it is denied.    Defendants deny the remaining allegations contained in this Paragraph.

39.    The article referenced in the June 2002 edition of the *British Medical Journal* speaks for itself, and any attempt to characterize it is denied.    Defendants respectfully refer the court to the result of the CLASS

18

study, which speaks for itself, and any attempt to characterize it is denied.

Defendants deny the remaining allegations contained in this Paragraph.

40.    The referenced article in the *Washington Post* speaks for itself, and any characterization of it is denied.    Defendants deny the remaining allegations contained in this Paragraph.

41.    The referenced article in the *Washington Post* speaks for itself, and any characterization of it is denied.    The referenced article in *The Journal of the American Medical Association* speaks for itself, and any characterization of it is denied.    The transcript of the FDA's *Arthritis Advisory Committee meeting* on February 7 and 8, 2001, speaks for itself, and any attempt to characterize it is denied.    Defendants deny the remaining allegations contained in this Paragraph.

42.    Defendants respectfully refer the court to the CLASS study which speaks for itself, and any attempt to characterize it is denied.    The referenced metastudy referenced in *The Journal of the American Medical Association* speaks for itself, and any attempt to characterize it is denied. Defendants deny the remaining allegations contained in this Paragraph.

43.    The referenced Medical Officer Review dated September 20, 2000, completed by the FDA for the supplemental NDA submitted for

B GSH 743940 v1
2902026-000069 4/12/2007

Celebrex® speaks for itself and any attempt to characterize it is denied. Defendants deny the remaining allegations contained in this Paragraph.

44.    Plaintiff has failed to provide proper context for the allegations concerning "Public Citizen" and therefore, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph and therefore, deny the same.  Defendants deny the remaining allegations contained in this Paragraph.

45.    The conclusions and article referenced in *The Journal of the American Medical Association* speak for themselves and any attempt to characterize them is denied.  Defendants deny the remaining allegations contained in this Paragraph.

46.    Defendants respectfully refer the Court to the CLASS study, which speaks for itself, and any attempt to characterize it is denied.  Plaintiff has failed to provide proper context for the allegations concerning "Public Citizen" and therefore, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph and therefore, deny the same.  Defendants respectfully refer the Court to the APC study, which speaks for itself and any attempt to characterize it is denied.  Defendants deny the remaining allegations contained in this Paragraph.

20

**ANSWERING:**

**2.    APC Trial**

47.    Defendants respectfully refer the Court to the APC study, which speaks for itself, and any attempt to characterize it is denied. The referenced *The New England Journal of Medicine* speaks for itself and any attempt to characterize it is denied. Defendants deny the remaining allegations contained in this Paragraph.

48.    Defendants respectfully refer the Court to the APC study, which speaks for itself, and any attempt to characterize it is denied. The referenced *The Journal of the American Medical Association* speaks for itself, and any attempt to characterize it is denied. Plaintiff has failed to provide proper context for the allegations concerning "Data Safety Monitoring Board" and therefore, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph and therefore, deny the same. Defendants deny the remaining allegations contained in this Paragraph.

49.    Defendants respectfully refer the Court to the APC study, which speaks for itself, and any attempt to characterize it is denied. The referenced *The Journal of the American Medical Association* speaks for

21

itself and any attempt to characterize it is denied.  Defendants deny the remaining allegations contained in this Paragraph.

50.    Defendants admit that an Alert for Healthcare Professionals regarding Celebrex® was issued by the FDA on April 7, 2005.  Defendants assert that the Alert for Healthcare Professionals speaks for itself and any attempt to characterize it is denied.  Except as admitted herein, Defendants deny the remaining allegations in this Paragraph.

51.    Defendants state that the referenced article in *The New England Journal of Medicine* speaks for itself, and any attempt to characterize it is denied.  Further, Defendants refer to the Medical Officer Review dated September 20, 2000, completed by the FDA for the sNDA submitted for Celebrex®.  Defendants assert that the Medical Officer Review speaks for itself, and any attempt to characterize it is denied.  Defendants deny the remaining allegations contained in this Paragraph.

**ANSWERING:**

**3.    Other CELEBREX Trials**

52.    Plaintiff fails to provide proper context for the allegations concerning "other CELEBREX trials" or the "PreSAP trial," and therefore, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this Paragraph and deny the same.

B GSH 743940 v1
2902026-000069 4/12/2007

53.    The referenced Public Citizen's Health Research Group's January 26, 2005 *Petition to Remove the Cox-2 Inhibitors Celecoxib (CELEBREX) and Valdecoxib (BEXTRA) from the Market* speaks for itself, and any attempt to characterize it is denied.  Defendants deny the remaining allegations contained in this Paragraph.

## ANSWERING:

### 4.    Cox-2 Studies:  VIGOR and APPROVe

54.    Plaintiff fails to provide proper context for the allegations concerning "knowledge of . . . studies conducted by Merck," and therefore, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph and deny the same.    Defendants deny the remaining allegations contained in this Paragraph.

## ANSWERING:

### b. VIGOR

55.    The referenced Medical Officer Review dated September 20, 2000, completed by the FDA for the sNDA submitted for Celebrex® speaks for itself and any attempt to characterize it is denied.  Defendants deny the remaining allegations contained in this Paragraph.

B GSH 743940 v1
2902026-000069 4/12/2007

56.    The allegations related to Merck are unrelated to Defendants, and therefore, no response is required.  To the extent a response is required, Defendants state that Plaintiff has not provided sufficient information for Defendants to form a belief as to the truth of the statements to which Plaintiff refers, and therefore deny the same.  Defendants deny the remaining allegations contained in this Paragraph.

57.    The allegations related to Merck are unrelated to Defendants, and therefore, no response is required.  To the extent a response is required, Defendants state that Plaintiff has not provided sufficient information for Defendants to form a belief as to the truth of the statements to which Plaintiff refers, and therefore deny the same.  Defendants deny the remaining allegations contained in this Paragraph.

## ANSWERING:

### c.  <u>APPROVe</u>

58.    The allegations related to Merck are unrelated to Defendants, and therefore, no response is required.  To the extent a response is required, Defendants state that Plaintiff has not provided sufficient information for Defendants to form a belief as to the truth of the statements to which Plaintiff refers, and therefore deny the same.  Defendants deny the remaining allegations contained in this Paragraph.

B GSH 743940 v1
2902026-000069 4/12/2007

59.    Defendants deny the allegations contained in this Paragraph.

60.    The article referenced in *The New England Journal of Medicine* speaks for itself, and any attempt to characterize it is denied.  Defendants deny the remaining allegations contained in this Paragraph.

61.    The article referenced in *The Journal of American Medical Association* speaks for itself, and any attempt to characterize it is denied. Defendants deny the remaining allegations contained in this Paragraph.

62.    Defendants deny the allegations contained in this Paragraph.

63.    Defendants deny the allegations contained in this Paragraph.

64.    Defendants deny the allegations contained in this Paragraph.

65.    Defendants deny the allegations contained in this Paragraph.

66.    Defendants deny the allegations contained in this Paragraph.

**ANSWERING:**

**D.    Facts Regarding Defendants' Marketing And Sale Of CELEBREX**

67.    Defendants deny that Celebrex® is ineffective and unreasonably dangerous.  Defendants deny the remaining allegations contained in this Paragraph.

68.    Defendants admit that letters were issued by the Division of Drug Marketing, Advertising and Communications (DDMAC) in October 1999, April 2000, and November 2000, which speak for themselves, and any

25

attempt to characterize them is denied. Except as admitted herein, Defendants deny the remaining allegations in this Paragraph.

69. Defendants admit that a letter was issued by the FDA in February of 2001, which speaks for itself, and any attempt to characterize it is denied. Defendants deny the remaining allegations contained in this Paragraph.

70. The referenced *Washington Post* article speaks for itself, and any attempt to characterize it is denied. Defendants deny the remaining allegations contained in this Paragraph.

71. Defendants admit that a letter was issued by the FDA on January 10, 2005, which speaks for itself, and any attempt to characterize it is denied. The referenced *FDA Advisory Panel vote* speaks for itself, and any attempt to characterize it is denied. Defendants deny the remaining allegations contained in this Paragraph.

72. Defendants deny the allegations contained in this Paragraph. Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information.

73. Defendants lack sufficient knowledge or information as to "Plaintiff's prescribing physicians" to form a belief as to the truth of the allegations contained in this Paragraph, and therefore, deny the same.

Celebrex® has been approved for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in juveniles and adults; (3) for relief of the signs and symptoms of ankylosing spondylitis; (4) for management of acute pain in adults; (5) for treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colorectal polyps in patients with familiar adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g. endoscopic surveillance, surgery). Defendants deny making any misrepresentations. Defendants deny the remaining allegations contained in this Paragraph.

74.    Defendants deny the allegations contained in this Paragraph.

75.    Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants deny the remaining allegations contained in this Paragraph.

B GSH 743940 v1
2902026-000069 4/12/2007

76.    Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants deny the remaining allegations contained in this Paragraph.

77.    Defendants deny the allegations contained in this Paragraph. Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

28

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations contained in this Paragraph.

78.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any omission, suppression or concealment of information. Defendants deny the remaining allegations contained in this Paragraph.

79.    Plaintiff fails to provide proper context for the allegations concerning "large market share" contained in this Paragraph, and therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and deny the same. Defendants admit that in 2004, Celebrex® sales exceeded $2 billion. Except as admitted herein, Defendants deny the allegations contained in this Paragraph.

80.    Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Defendants

29

further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any concealment, omission, suppression or obfuscation of the truth.  Defendants deny the remaining allegations contained in this Paragraph.

81.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations contained in this Paragraph.

82.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations contained in this Paragraph.

83.    Defendants deny the allegations contained in this Paragraph.

84.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

B GSH 743940 v1
2902026-000069 4/12/2007

which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations contained in this Paragraph.

85.    Plaintiff fails to provide proper context for the allegations concerning "market launch" contained in this Paragraph, and therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and deny the same.  Defendants deny the remaining allegations contained in this Paragraph.

86.    Defendants deny the allegations contained in this Paragraph.

87.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations contained in this Paragraph.

### ANSWERING:

### <u>FIRST CAUSE OF ACTION</u><br><u>NEGLIGENCE</u>

88.    Defendants incorporate their responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

89.    Defendants deny the allegations contained in this Paragraph.

90.    Defendants state that these allegations are conclusions of law and hence no response is required.  To the extent a response is required, Defendants admit that they had duties as are imposed by law.  Defendants

31

deny that they breached any such duties. Defendants deny the remaining allegations contained in this Paragraph.

91. Defendants deny the allegations contained in this Paragraph and all subparts thereto.

92. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations contained in this Paragraph.

93. Defendants deny the allegations contained in this Paragraph.

94. Defendants deny the allegations contained in this Paragraph.

95. Defendants deny the allegations contained in this Paragraph.

96. Defendants deny the allegations contained in this Paragraph.

## ANSWERING:

### SECOND CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY
### DEFECTIVE DESIGN

97. Defendants incorporate their responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

98. Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed for the indications set forth

in its FDA-approved package insert and as permitted by law. Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law. Except as admitted herein, Defendants deny the allegations contained in this Paragraph.

99.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Except as stated herein, Defendants deny the allegations contained in this Paragraph and all subparts thereto.

100.    Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Celebrex® reached Plaintiff, and therefore, deny the same. Except as stated herein, Defendants deny the allegations contained in this Paragraph.

B GSH 743940 v1
2902026-000069 4/12/2007

101.   Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph, and therefore deny the same.

102.   Defendants deny that Celebrex® was defective or unreasonably dangerous.   Defendants deny the remaining allegations contained in this Paragraph.

103.   Defendants deny that Celebrex® was defective or unreasonably dangerous.   Defendants deny the remaining allegations contained in this Paragraph.

104.   Defendants deny that Celebrex® was defective or unreasonably dangerous.   Defendants deny the remaining allegations contained in this Paragraph.

105.   Defendants deny the allegations contained in this Paragraph.

## ANSWERING:

### THIRD CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY
### FAILURE TO WARN

106.   Defendants incorporate their responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

107.   Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

34

which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations contained in this Paragraph.

108.   Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph, and therefore deny the same.

109.   Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph, and therefore deny the same. Defendants deny that Celebrex® was defective. Defendants deny the remaining allegations contained in this Paragraph.

110.   Defendants state that these allegations are conclusions of law and hence no response is required. To the extent a response is required, Defendants admit that they had duties as are imposed by law. Defendants deny that they breached any such duties. Except as admitted herein, Defendants deny the remaining allegations contained in this Paragraph.

111.   Defendants deny the allegations contained in this Paragraph.

112.   Defendants state that these allegations are conclusions of law and hence no response is required. To the extent a response is required, Defendants admit that they had duties as are imposed by law. Defendants

35

deny that they breached any such duties. Except as admitted herein, Defendants deny the remaining allegations contained in this Paragraph.

113. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations contained in this Paragraph.

114. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations contained in this Paragraph.

115. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations contained in this Paragraph.

116. Defendants deny the allegations contained in this Paragraph.

## ANSWERING:

## FOURTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY OF MERCHANTABILITY

117. Defendants incorporate their responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

118. Defendants deny the allegations contained in this Paragraph.

36

119.    Defendants deny the allegations contained in this Paragraph.

120.    Defendants deny the allegations contained in this Paragraph.

121.    Defendants deny the allegations contained in this Paragraph.

122.    Defendants deny the allegations contained in this Paragraph.

123.    Defendants deny the allegations contained in this Paragraph.

## ANSWERING:

## FIFTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

124.    Defendants incorporate their responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

125.    Defendants state that these allegations are conclusions of law and hence no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

126.    Defendants state that these allegations are conclusions of law and hence no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

127. Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law.  Defendants further admit that Pharmacia has marketed Celebrex® at certain times and

37

that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States to be prescribed for the indications set forth in its FDA-approved package insert and as permitted by law.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendants deny the allegations contained in this Paragraph.

128.   Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph, and therefore deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Except as stated herein, Defendants deny the allegations contained in this Paragraph.

129.   Defendants deny the allegations contained in this Paragraph.

130.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Except as stated herein, Defendants deny the allegations contained in this Paragraph and all subparts thereto.

B GSH 743940 v1
2902026-000069 4/12/2007

131.   Defendants deny the allegations contained in this Paragraph.

132.   Defendants deny the allegations contained in this Paragraph.

133.   Defendants deny the allegations contained in this Paragraph.

134.   Defendants deny the allegations contained in this Paragraph.

135.   Defendants deny the allegations contained in this Paragraph.

**ANSWERING:**

**<u>SIXTH CAUSE OF ACTION</u>**
**<u>FRAUD</u>**

136.   Defendants incorporate their responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

137.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Except as stated herein, Defendants deny the allegations contained in this Paragraph and all subparts thereto.

138.   Defendants deny making any misrepresentations.   Defendants deny the remaining allegations contained in this Paragraph.

139.   Defendants deny making any misrepresentations.   Defendants deny the remaining allegations contained in this Paragraph.

39

140.  Defendants deny making any misrepresentations or concealing information.  Defendants deny the remaining allegations contained in this Paragraph.

141.  Defendants deny making any misrepresentations or concealing information.  Defendants deny the remaining allegations contained in this Paragraph.

142.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny making any misrepresentations or concealing information.  Defendants deny the remaining allegations contained in this Paragraph and all subparts thereto.

143.  Defendants deny making any misrepresentations or concealing information.  Defendants deny the remaining allegations contained in this Paragraph.

144.  Defendants state that these allegations are conclusions of law and hence no response is required.  To the extent a response is required, Defendants admit that they had duties as are imposed by law.  Defendants

40

deny that they breached any such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny making any misrepresentations or concealing information. Defendants deny the remaining allegations contained in this Paragraph.

145. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph regarding Plaintiff's use of Celebrex®, and therefore deny the same. Defendants deny making any misrepresentations or concealing information. Defendants deny the remaining allegations contained in this Paragraph.

146. Defendants deny making any misrepresentations. Defendants deny the remaining allegations contained in this Paragraph.

147. Defendants deny making any misrepresentations. Defendants deny the remaining allegations contained in this Paragraph.

148. Defendants deny the allegations contained in this Paragraph.

149. Defendants deny making any misrepresentations. Defendants deny the remaining allegations contained in this Paragraph.

B GSH 743940 v1
2902026-000069 4/12/2007

150.    Defendants deny the allegations contained in this Paragraph.

**ANSWERING:**

**SEVENTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**

151.    Defendants incorporate their responses to each Paragraph of Plaintiff's Complaint as if set forth fully herein.

152.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny making any misrepresentations or concealing information.    Defendants deny the remaining allegations contained in this Paragraph.

153.    Defendants deny making any misrepresentations.    Defendants deny the remaining allegations contained in this Paragraph.

154.    Defendants deny making any misrepresentations or concealing information.    Defendants deny the remaining allegations contained in this Paragraph.

155.    Defendants deny making any false representations.    Defendants deny the remaining allegations contained in this Paragraph.

156.    Defendants deny making any misrepresentations or omissions. Defendants deny the remaining allegations contained in this Paragraph.

B GSH 743940 v1
2902026-000069 4/12/2007

157.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny making any misrepresentations or concealing information.  Defendants deny the remaining allegations contained in this Paragraph and all subparts thereto.

158.  Defendants deny making any misrepresentations or concealing information.  Defendants deny the remaining allegations contained in this Paragraph and all subparts thereto.

159.  Defendants state that these allegations are conclusions of law and hence no response is required.  To the extent a response is required, Defendants admit that they had duties as are imposed by law.  Defendants deny that they breached any such duties.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny making any

43

misrepresentations or concealing information. Defendants deny the remaining allegations contained in this Paragraph.

160. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this Paragraph regarding Plaintiff's use of Celebrex®, and therefore deny the same. Defendants deny making any misrepresentations or concealing information. Defendants deny the remaining allegations contained in this Paragraph.

161. Defendants deny making any misrepresentations. Defendants deny the remaining allegations contained in this Paragraph.

162. Defendants deny making any misrepresentations or concealing information. Defendants deny the remaining allegations contained in this Paragraph.

163. Defendants deny making any misrepresentations or concealing information. Defendants deny the remaining allegations contained in this Paragraph.

164. Defendants deny the allegations contained in this Paragraph.

165. Defendants deny the allegations contained in this Paragraph.

B GSH 743940 v1
2902026-000069 4/12/2007

## ANSWERING:

## **DEMAND FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief demanded in the unnumbered WHEREFORE clause.

## **DEFENSES**

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendants in this matter. Defendants therefore assert the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendants will withdraw any of these defenses as may be appropriate. Defendants also intend to rely upon such other affirmative defenses as may become available or apparent during the course of investigation, discovery, or trial, and reserve the right to amend the Answer to assert such other defenses to which they may be entitled.

1.    Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

2.    Plaintiff's claims are barred by the applicable statute of limitations and/or repose or by the equitable doctrines of laches, waiver and estoppel.

B GSH 743940 v1
2902026-000069 4/12/2007

3.    Plaintiff's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of Plaintiff, third persons or parties over whom Defendants had no control or right to control and whose actions are not, therefore, imputable to Defendants.

4.    Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff herein. Additionally, as a manufacturers and not sellers, Defendants are not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between Plaintiff and Defendants.    If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff has failed to give timely notice of any breach thereof as required under Ala. Code § 7-2-607.

5.    Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff or those acting at the direction or control of Plaintiff, whose contributory negligence or fault are sufficient to bar any recovery by Plaintiff.

6.    Plaintiff's injuries, if any, were due to an unforeseeable idiosyncratic reaction of Plaintiff, or by an unforeseeable disease or illness, unavoidable accident, or pre-existing and/or unrelated conditions, or natural

46

courses of conditions of Plaintiff, and were independent of any conduct by Defendants.

7.     Plaintiff failed to exercise reasonable care and diligence to mitigate his injuries and damages, if any.

8.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (second) of Torts § 402A, Comment k.

9.     Celebrex® is safe when used as directed, is suitable for the purpose for which it was intended, was distributed with adequate and sufficient warnings and Defendants reasonably assumed that its warnings would be read and heeded; therefore, Celebrex® was not defective or unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

10.     As a prescription pharmaceutical, Celebrex® falls within the ambit of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration.   Accordingly, Plaintiff's claims have been preempted under the Supremacy Clause of the U.S. Constitution.

11.     Celebrex® and Defendants actions, conformed to the state-of-the-art of medical and scientific knowledge at all times relevant to this

lawsuit and Celebrex® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

12.    Plaintiff's claims are barred by assumption of the risk.

13.    Plaintiff's claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of the Restatement (Third) of Torts: Product Liability § 6, comment f.

14.    Plaintiff's claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

15.    The imposition of punitive damages pursuant to current Alabama law violates the Due Process and Equal Protection provisions of U.S. Const. Amend. XIV; to wit, these Defendants have not been given fair notice of the standard of conduct which could subject them to a claim for punitive damages, and have not been given fair notice of the amount of punitive damages that may accompany a finding of liability.    Alabama's current laws regarding punitive damages do not serve a rational or legitimate state interest.

16.    Plaintiff's claims for punitive damages violate Defendants' rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment of

the Constitution of the United States of America and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

17.    Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court including, but not limited to:  *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001);  and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).  Further, Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages, which arise under the Constitution of Alabama, Alabama state statutes, and the decisions of Alabama state courts.

18.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available and reliable state of the knowledge at the time the product was marketed.

19.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of

B GSH 743940 v1
2902026-000069 4/12/2007

nature or other supervening or intervening conduct or negligence of persons other than Defendants, and for whose conduct Defendants are not responsible, or with whom Defendants have no legal relation or legal duty to control. Therefore, Plaintiff's recovery against Defendants, if any, should be reduced by the proportion of the conduct or negligence of persons or entities other than Defendants which proximately caused or contributed to the alleged injuries, losses or damages.

20.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Celebrex® by persons other than Defendants or persons acting on their behalf.

21.     Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

22.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

B GSH 743940 v1
2902026-000069 4/12/2007

23.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

24.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Celebrex® complied with applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

25.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

26.    Plaintiff's claims must be dismissed because Plaintiff James Darty would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

27.    Plaintiff's claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its respective risks.

28.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

51

29.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

30.    The liability of Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimant *and* each *and* every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

31.    Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other person or entity.

32.    Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 et. seq., the regulations promulgated there under, and the United States Constitution, Article N, Clause 2.

33.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug and Cosmetic Act.

B GSH 743940 v1
2902026-000069 4/12/2007

34.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

35.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"). 21 U.S.C. §301 et seq., and regulations promulgated there under, and Plaintiff's claims conflict with FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, Clause 2, and laws of the United States.

36.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

B GSH 743940 v1
2902026-000069 4/12/2007

37.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

38.    This Court lacks personal jurisdiction over Defendants.

39.    Plaintiff failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Defendants in any possible future litigation.

40.    Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and an undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

41.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious, and therefore, any award of punitive damages is barred.

42.    Plaintiff's claims are barred in whole or in part because all acts or omissions by Defendants (or their agents or representatives) were privileged or justified and any claim based thereon is barred.

B GSH 743940 v1
2902026-000069 4/12/2007

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants respectfully request that this action be dismissed with prejudice and that they be awarded costs and any other forms of relief to which they may be entitled.

Dated this 12th day of April, 2007.

Lawrence B. Clark
G. Steven Henry
Attorneys for Defendants

OF COUNSEL:
BARKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone:  (205) 328-0480
Facsimile:   (205) 322-8007

B GSH 743940 v1
2902026-000069 4/12/2007

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that a true and correct copy of the foregoing was filed via CM/ECF system on this ___ day of April, 2007, to the following counsel of record:

Navan Ward, Jr.
Andy D. Birchfield, Jr.
Gerald B. Taylor, Jr.
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

Of Counsel

B GSH 743940 v1
2902026-000069 4/12/2007